In the Matter of the Application of TILLIE E. WAGENHEIM, as Trustee under the Last Will and Testament of JACOB L. WAGENHEIM, Deceased, to Be Permitted to Resign as Such Trustee. In the Matter of the Application of IDA J. FISHMAN for an Order Confirming the Employment by the Petitioner of a Certified Public Accountant on Behalf of the Estate of JACOB L. WAGENHEIM, Deceased. IDA J. FISHMAN, Appellant; TILLIE E. WAGENHEIM, Trustee, Respondent.— This is an appeal from an order of the Surrogate's Court of Montgomery county made on the 17th day of January, 1939, denying the appellant's application for the resettlement of an order made by the surrogate on the 24th day of December, 1938. At the time of the determination of the surrogate there were various applications pending before him relating to the trust estate. The order of December 24, 1938, was proper and correctly recited the papers upon which it was based. Order unanimously affirmed, with fifty dollars costs and disbursements to respondent against the appellant. Present — Hill, P. J., Rhodes, McNamee, Crapser and Heffernan, JJ.

MARIE GOODROW, Respondent, v. HOWARD S. MACDONALD and Others, Doing Business under the Firm Name and Style of THE MACDONALD-STAHL Co., and Another, Appellants, Impleaded with Others, Defendants.— Appeal from an order denying defendants' motion to require plaintiff to separately state and number different causes of action contained in the complaint. Plaintiff brings this action under the Agriculture and Markets Law against all of the defendants. It is alleged in the complaint that plaintiff became ill from eating canned salmon, purchased from R. T. Wilcox, retailer; that the salmon was adulterated with unwholesome and deleterious substances. The defendants are packers, factors, distributors and wholesalers, all of whom it is alleged either packed, possessed, had or sold the adulterated salmon. There was but one cause of action, and that under the Agriculture and Markets Law. (*McSpedon* v. *Kunz*, 271 N. Y. 131.) The order denying the motion to separately state and number causes of action was properly made. Order affirmed, with ten dollars costs and disbursements. Hill, P. J., McNamee, Crapser and Heffernan, JJ., concur; Rhodes, J., concurs, on the ground that assuming the complaint sets forth more than one cause of action, the motion was properly denied, since it involved a discretionary matter.